USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __2/19/2020__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROLEX WATCH U.S.A., INC.,

           Plaintiff,

v.

APR57.COM, INC. d/b/a APR57 and LEE ROSENBLOOM,

           Defendants.

Case No.: 19-cv-07514 (LJL)

**JUDGMENT AND PERMANENT INJUNCTION UPON CONSENT AGAINST DEFENDANTS APR57.COM, INC. AND LEE ROSENBLOOM**

Plaintiff Rolex Watch U.S.A., Inc. ("Plaintiff" or "Rolex") and defendants APR57.COM, Inc. d/b/a APR57 and Lee Rosenbloom (collectively, "Defendants") acting by and through their undersigned counsel, hereby stipulate to the entry of this judgment and permanent injunction upon consent (the "Permanent Injunction") as follows:

1. This Court has jurisdiction over the subject matter of this action.

2. This Court has jurisdiction over Defendants.

3. Plaintiff is engaged in the import, distribution, sale and promotion in interstate commerce of prestigious high-quality, luxury watches all bearing one or more of the ROLEX Registered Trademarks as defined herein.

4. Plaintiff owns the following federal trademark registrations in the U.S. Patent and Trademark Office:

| Trademark | Reg. No. | Reg. Date | Goods/Services |
|---|---|---|---|
| ♛ | 657,756 | 1/28/1958 | Timepieces of all kinds and parts thereof. |
| ♛ | 4,458,524 | 12/31/2013 | Retail store services featuring watches, timepieces, clocks and jewelry |

1

| ROLEX | 101,819 | 1/12/1915 | Watches, clocks, parts of watches and clocks, and their cases. |
| ROLEX | 4,458,519 | 12/31/2013 | Retail store services featuring watches, timepieces, clocks and jewelry. |

The above marks are hereinafter referred to as the "Rolex Registered Trademarks".

5. Defendants are engaged in, among other things, offering for sale, selling, advertising and promoting the sale of pre-owned Rolex watches.

6. Defendants have used the Rolex Registered Trademarks to promote their business in the manner, including but not limited to the photographs attached hereto as Exhibit A.

8. Consistent with the stipulation of the Parties, the Court, having considered all pleadings and other documents filed in this action, hereby enters an injunction ordering that Defendants, their officers, agents, servants, employees and all other persons in active concert or participation with Defendants be permanently enjoined and restrained as follows:

    a. Defendants shall cease using the ROLEX trademark in all capital letters. Such prohibition shall apply to all forms of Defendants' advertising, marketing, promotion and media, including, but not limited to, interior and exterior store signage, social media and websites. Defendants may use the words "Rolex Watches" to advertise, market or promote their sale of pre-owned/used Rolex watches. However, the words "Rolex Watches" shall never appear: (1) in or on the background of the colors green and/or gold; (2) without a qualifying term of either "Used" or "Pre-Owned" all appearing in equal font size; and, (3) highlighted or of greater prominence than the qualifying term.

    b. Defendants shall cease from using Rolex's ♛ ("CROWN DESIGN") trademarks as shown in USPTO Trademark Registration Nos. 657,756 and 4,458,524 or any mark confusingly similar to Rolex's CROWN DESIGN in any of their

advertising, marketing, promotion and media, including, but not limited to, interior and exterior store signage, social media and websites.

    c.    Defendants shall cease use of their current crown design mark as shown in Exhibit A and not use any mark that is similar to that mark.

    d.    Defendants are prohibited from engaging in any course of conduct likely to cause confusion, deception or mistake, or injure Rolex's business reputation or weaken the distinctive quality of the Rolex Registered Trademarks, Rolex's name, reputation or goodwill.

    e.    Defendants are prohibited from making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead consumers, the public or the trade, or individual members thereof, to believe that any services provided, products distributed, sold or offered for sale, by Defendants are in any way warranted, sponsored, approved or authorized by Rolex;

    f.    Defendants are prohibited from engaging in any conduct constituting an infringement of the Rolex Registered Trademarks and any of Rolex's trademarks, of Rolex's rights in, or to use or to exploit, said trademarks, or constituting any weakening of Rolex's name, reputation and goodwill.

    g.    Defendants shall not affect any assignments or transfers, form new entities or associations, or utilize any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth herein.

9. Within five (5) days of entry of this Permanent Injunction, Defendants shall deliver to Plaintiff's counsels' offices any and all of the Official Rolex Displays in their possession, including but not limited to those shown in Exhibit A.

10. The Parties shall each bear their own fees and costs on all claims and counterclaims asserted in this action. However, if Defendants are ever found to be in contempt of this Permanent Injunction, Plaintiff will be entitled to recover all fees and costs associated with this initial action.

11. The Court hereby reserves and retains continuing jurisdiction to enforce the provisions of the Permanent Injunction entered herein and over the parties hereto for the purpose of enforcing the terms of this Permanent Injunction.

12. This Permanent Injunction shall be deemed to have been served upon Defendants at the time it is posted by the Court on the ECF docket.

13. This action is hereby dismissed with prejudice.

GIBNEY, ANTHONY & FLAHERTY, LLP

Dated: February 18, 2020     By: _____
                                 Maja Szumarska
                                 On Behalf of Plaintiff
                                 Rolex Watch U.S.A., Inc.
                                 665 Fifth Avenue
                                 New York, NY 10022

ROBERT S. BRODER PLLC

Dated: 2/18, 2020  By: _____
Robert S. Broder
On Behalf of Defendants
APR57.COM, Inc. d/b/a APR57
and Lee Rosenbloom
1129 Northern Blvd.
Manhasset, NY 10030

SO ORDERED:

Dated: 2/19, 2020  _____
Lewis J. Liman
United States District Judge

5

# EXHIBIT A



